WILLIAM HENNING & CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1912.)

No. 2,301.

FOOD (§ 15*)—ADULTERATION—MISBRANDING.

Where pumpkin was added to tomato catsup as a filler, the fact that it was merely marked "Compound," without anything on the labels under which it was sold to show the substances composing the compound, did not constitute a compliance with the food and drugs act (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]).

[Ed. Note.—For other cases, see Food, Dec. Dig. § 15.*

What constitutes a violation of pure food regulations, see note to Brina v. United States, 105 C. C. A. 559.]

In Error to the District Court of the United States for the Eastern District of Louisiana.

Condemnation proceedings by the United States against a quantity of tomato catsup, alleged to be adulterated, in which William Henning & Co. appeared as claimants. From a judgment of condemnation, claimants bring error. Affirmed.

Scott E. Beer and Edward M. Robbert (Lannen & Hickey, of counsel), for plaintiffs in error.

Charlton R. Beattie, U. S. Atty. (Louis H. Burns, Asst. U. S. Atty., on the brief), for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. Conceding in this case that the addition of pumpkin to tomato catsup as a filler results in an article that may be described as a compound, still the food and drugs act requires that such article must be labeled, branded, or tagged so as to plainly indicate the substances composing the compound, and it is not a compliance with the act to merely mark the word "Compound" on the package.

The judgment of the District Court is affirmed.